IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTEN JOYNER**<br>676 Yeadon Ave.<br>Yeadon, PA 19050<br><br>　　　　　Plaintiff<br>　　v.<br><br>**AMAZON.COM, INC.**<br>500 American Avenue,<br>King of Prussia, PA 19406<br><br>　　　　　and<br><br>**AMAZON.COM, INC.**<br>440 Terry Ave.<br>North Seattle, WA 98109<br><br>　　　　　Defendants. | Civil Complaint No.<br><br>**JURY TRIAL OF TWELVE (12) JURORS DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Christen Joyner, by and through his undersigned attorneys, complaining of Defendant, Amazon.com, action requesting judgment in his favor, and against Defendants, and in support thereof, alleges, upon information and belief, as follows:

### PARTIES

1. Plaintiff, Christen Joyner, is an adult individual, residing at the above-captioned address. At all times material hereto, Mr. Joyner was employed by Defendant, Amazon.com, Inc. as a delivery driver at its King of Prussia, Pennsylvania location.

2. Defendant, Amazon.com, Inc. ("Amazon"), is a American multinational technology company based in Seattle, Washington, which focuses on e-commerce, cloud computing, digital

streaming, and artificial intelligence. It is considered one of the Big Five companies in the U.S. information technology industry.

## JURISDICTION AND VENUE

3. Jurisdiction over the matter is conferred upon the Court by 28 USC § 1331, as the cause of action arises under federal law.

4. Venue is proper as the facts and transactions involved herein occurred in large part in this judicial district.

5. Plaintiff reserves the right to amend this Complaint to include additional facts, claims, and allegations upon exhaustion of administrative remedies.

6. Plaintiff has exhausted his administrative remedies and obtained a Right to Sue Letter from the EEOC. (Exh. A).

## STATEMENT OF FACTS

7. The above paragraphs are incorporated herein by reference.

8. Defendant, Amazon has created a discriminatory and hostile environment toward its devoutly religious employees.

9. Plaintiff is a devout Christian and follows the holy days laid out in the Biblical calendar began working for Defendant in or around July 2019.

10. Prior to accepting the job with Defendant, Plaintiff informed Defendant that he was unable to work on the Sabbath, which begins Sundown Friday and continues through Saturday. Plaintiff even showed his managers a copy of the biblical calendar. Defendant assured Plaintiff what this would not be an issue and set Plaintiff's schedule for Sunday through Wednesday.

11. Early into his tenure with Defendants, Plaintiff was disciplined for taking time off for the Holy days as defined in the biblical calendar. Plaintiff had requested and been granted time off in advance, he received disciplinary points for taking off work. These days were:

    a. September 29-30, 2019 (Trumpets/Rosh Hashana);

    b. October 8-9, 2019 )Atonement/Yom Kippur);

    c. October 13-14, 2019 (Feast of Tabernacles/Sukkot);

    d. October 20-21, 2019 (Feast of Tabernacles/Sukkot).

12. In or around the beginning of November 2019, Defendant informed Plaintiff that it was implementing mandatory overtime hours throughout the holiday season due to increased demand.

13. Plaintiff again explained to his managers that he could not work Friday evenings or Saturdays because of the Sabbath. He offered to work overtime on Thursdays and Fridays before sundown. Plaintiff's managers said they understood.

14. Defendant uses a uses an automated computer system to assign shifts. The computer assigned Plaintiff to work on Saturdays. Plaintiff brought this to the attention of his managers, asking them to change his shift to a different day.

15. Plaintiff's managers advised that they could not change Plaintiff's shift because they could not override the computer.

16. Upon information and belief, Plaintiff's managers made no effort to see if the computer could be overridden to change Plaintiff's shifts due to his religious beliefs.

17. Defendants actions/failure to act were discriminatory in nature.

18. Since Plaintiff had to take of on Saturdays to observe the Sabbath, he received additional disciplinary points.

19. After taking off Saturday November 30, 2019, Plaintiff's employment was terminated on or about December 2, 2019.

20. Plaintiff's termination was an act of discrimination and retaliation without any business purpose or justification.

21. In or around February 2020, Plaintiff applied for a job with Shift Logistix, a company that fulfills orders for Amazon. After passing the interview and clearances stages, Plaintiff was set to begin work at Shift Logistix, when management informed him that he could not be hired, He was told that Defendant had placed a hold on his name because he was 'involuntarily terminated' and as a partner of Defendant, Shift Logistix, was unable to offer him employment

22. Defendant has caused Plaintiff to suffer shame, embarrassment, and financial loss.

## COUNT I
## VIOLATION OF TITLE VII

23. The foregoing paragraphs are hereby incorporated herein by reference.

24. By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated Title VII.

25. Said violations were done with malice and/or reckless indifference and warrant the imposition of punitive damages.

26. As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

27. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

## COUNT II
## VIOLATIONS OF 42 U.S.C. §1985 (CIVIL CONSPIRACY)

28. Plaintiff incorporates the foregoing paragraphs by reference, as if fully set forth herein.

29. 42 U.S.C. §1985 proscribes any agreement to conspire to violate Plaintiff's federally protected civil rights, including those rights guaranteed by 42 U.S.C. §1981.

30. Defendants treated Plaintiff differently and adversely because of his religious beliefs.

31. Defendant in concert and knowingly participated in decisions and actions that violated Plaintiff's civil rights as guaranteed by 42 U.S.C. §1981.

32. The knowledge, intent and concerted action by Defendant to deprive Plaintiff of his civil rights constituted a conspiracy, in violation of 42 U.S.C. §1985(3).

33. 42 U.S.C. §1985(3) imposes liability against one or more of the Defendant conspirators.

34. Defendant's civil conspiracy was intentional and in reckless disregard for Plaintiff's civil rights, in violation of 42 U.S.C. §1985.

35. As a direct and proximate result of Defendant's conspiratorial words and actions, Plaintiff has suffered discrimination, humiliation, embarrassment, and other harms, and is entitled to entry of judgment in his favor, and against Defendant, together with an award of declaratory and injunctive relief, compensatory and punitive damages, and any other ancillary relief, as permitted by 42 U.S.C §1985, and §1988.

## COUNT III
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT (PHRA)

36. The above paragraphs are incorporated herein by reference.

37. The above acts and practices of Defendant constitute unlawful discriminatory employment practices under the PHRA.

38.     As a result of Defendants' discriminatory acts, Plaintiff has suffered and shall continue to suffer monetary damages and damages for mental suffering and humiliation unless and until the Court grants relief.

**WHEREFORE,** Plaintiff demands judgment in his favor and against Defendants individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with interest, costs, punitive damages, attorney's fees and such other and further relief as this Honorable Court deems just, plus injunctive relief.

Plaintiff additionally prays to be compensated with a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to the aforesaid, including but not limited to, an award of front, back and lost pay, compensatory damages for future pecuniary loss, and for such other and further relief as this Honorable Court deems just and proper

## JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues so triable herein.

Respectfully submitted,

*/s/ David Berlin*
David Berlin, Esquire
PA Attorney ID No. 314400
Matthew B. Weisberg, Esquire
PA Attorney Id. No. 85570
7 South Morton Ave.
Morton, PA 19070
(610) 690-0801
(610) 690-0880 – Fax

*/s/ Gary Schafkopf*
Gary Schafkopf, Esquire
SCHAFKOPF LAW
PA Attorney Id. No. 83362
11 Bala Ave.
Bala Cynwyd, PA 19044

(610) 664-5200 (ext. 104)
(888) 283-1334 – Fax